EXHIBIT "A"

## SETTLEMENT AGREEMENT – SUBJECT TO COURT APPROVAL

1.      This Agreement covers all understandings between Tyler Di Sarro (hereinafter referred to as "Plaintiff," a term which includes Plaintiff's successors, beneficiaries, personal representatives, and heirs), and the WILLCO S.C., INC., a Company doing business in Georgia, and WILLIAM COLEMAN, an Individual, (hereinafter referred to as "Defendants)."

2.      The Plaintiff desires to settle and release any and all claims under the Federal Labor Standards Act ("FLSA") which Plaintiff has against Defendant related to Plaintiff's employment with Defendant, which arose or may have arisen prior to the date of execution of this Settlement Agreement, and which are currently the subject of a pending civil action in the Northern District of Georgia with civil action number 1:15-cv-03057-AT (the "Action").

3.      Plaintiff claims that he is owed $480 in unpaid overtime, based upon 32 hours of overtime payable at the time and one half rate of $15 per hour. Plaintiff demands $480 in liquidated damages, $1500 in attorney's fees and $500 in costs (which costs are comprised of a $400 filing fee and a $100 service fee.)

The Defendants have agreed to pay Plaintiff's demand under FLSA in its entirely.  In addition, Plaintiff represents that he is owed $240 in regular pay. Although not the subject of the Action, Defendants are amendable to paying that also at this time.

Therefore, for and in consideration of the mutual promises made in this Settlement Agreement, Defendant agrees to pay Plaintiff the total consideration of Three Thousand Two Hundred dollars ($3,200).  The payments shall be made as follows.

1.      A check for $720, which represents the unpaid overtime of $480 and the regular wages claimed of $240. This check shall be made payable to the Plaintiff and subject to required withholdings.

2.      A check for $480 for liquidated damages equal to the unpaid overtime. This check shall be made payable to the Plaintiff and no withholdings shall be deducted.

3.     A check for $2,000 made payable to Martin and Martin, LLC for attorneys' fees and costs.

4.     The parties recognize that the Court must approve the Settlement Agreement. Upon such approval, the payments called for hereunder shall be remitted to the attention of Plaintiff's counsel within 10 days.

5.     In the event that Plaintiff or Defendant commence an action to enforce the provisions of the Settlement Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

6.     By this Agreement and the consideration called for therein as part of this settlement, Plaintiff fully and unconditionally releases any and all claims he may now or in the future have against Defendants under the Fair Labor Standards Act, including, but not limited to, the payment of minimum wages and/or overtime that arose or may have arisen prior to the execution of this Agreement.

7.     Plaintiff and Defendant agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Settlement Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

8.     This Settlement Agreement may be executed in counterparts and an executed version of this Settlement Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.

9.     This Settlement Agreement supersedes all prior agreements and understandings between Plaintiff and Defendant. No cancellation, modification, amendment, deletion, addition, or other changes in this Settlement Agreement or any provision hereof or any right herein provided shall be effective for any purpose

unless specifically set forth in a subsequent written agreement signed by both Plaintiff and an authorized representative of Defendant.

10.    The law governing this Agreement shall be that of the United States and the State of Georgia.

Effective this 5th day of November, 2015

Signatures:

_____
Tyler Di Sarro, Individually


WILLCO S.C., INC.

By: _____
       William S. Coleman, President


_____
William S. Coleman, Individually

unless specifically set forth in a subsequent written agreement signed by both Plaintiff and an authorized representative of Defendant.

10.    The law governing this Agreement shall be that of the United States and the State of Georgia.

Effective this 5th day of November, 2015

Signatures:

_____

Tyler Di Sarro, Individually


WILLCO S.C., INC.

By: _____

     William S. Coleman, President


_____

William S. Coleman, Individually

-3-